**Robert P. CAMPBELL, Plaintiff,**

v.

**Edward J. BRENNER, Commissioner of Patents, Defendant.**

**Civ. A. 2813–64.**

United States District Court
District of Columbia.

July 8, 1965.

Francis D. Thomas, Jr., Bacon & Thomas, Washington, D. C., for plaintiff.

Clarence W. Moore, Sol., U. S. Patent Office, Washington, D. C., for defendant.

JACKSON, District Judge.

This action came on for trial on April 26, 1965. Upon due consideration of the evidence presented, together with the briefs counsel were accorded an opportunity to file, the Court has found in favor of the defendant, and will order that the Complaint be dismissed.

Pursuant to Rule 52(a), Federal Rules of Civil Procedure, the Court states its Findings of Fact and Conclusions of Law separately as follows:

### Findings of Fact

1. This is an action under 35 U.S.C. § 145 in which the plaintiff, Robert P. Campbell, seeks to have the Court authorize the Commissioner of Patents to issue to him a patent containing claims 11 through 19 of his application Serial No. 401,061, filed December 29, 1953, entitled "Method of Casting or Molding Solids".

2. The invention relates to a method of molding cementitious material, such as concrete, characterized, primarily, by the complete dehydration of such material prior to being charged into the mold. Such dehydration is said to produce cementitious material of maximum density and flowability, while eliminating the need for tamping or otherwise compacting the material in the mold, thus obviating the need for expensive equipment formerly employed for that purpose.

3. The plaintiff acquiesced in the Board's holding that all of the claims stand or fall upon the same basis.

4. Claim 11 is representative and reads as follows:

11. A method of molding solids, using any mixture of ingredients conventionally used for this purpose, provided said mixture includes a substantial portion of loose particles, by drying the ingredients until they have attained their maximum density and mobility, mixing them, pouring the resultant anhydrous mix into molds, and subsequently introducing into the molds suitable fluids to cause consolidation of the contents thereof.

5. The Patent Office Board of Appeals affirmed the Examiner's rejection of claims 11 through 19 as unpatentable over a United States patent to Clark, No. 1,180,472 (1916). The statutory basis for the rejection was 35 U.S.C. § 102(b).

6. The Clark patent discloses a method of molding concrete in which a dry mixture made in part of Portland cement and in part of sand, or sand and aggregate, from which latter part all moisture has been removed, is charged into a mold, is subjected to tamping during the mold charging operation, and then is saturated with water so as to make the mold contents settable.

7. The evidence with respect to the superiority of plaintiff's method over other methods, including Clark's was predicated upon the dehydration of the sand used in making plaintiff's product, by heating it within the range of 280–300°F. Plaintiff's application neither discloses nor claims any specific temperature or range of temperatures to which his material is heated.

8. The narrow range of temperatures involved in the evidence relating to the advantages of plaintiff's invention is not commensurate with the broad scope of the drying step in the plaintiff's claims.

9. The evidence is insufficient to demonstrate error in the Board's interpretation of the Clark patent.

10. Claim 11 does not exclude, expressly or by implication, the tamping step disclosed by Clark.

11. The invention set forth in plaintiff's claim 11 is described in the Clark patent (35 U.S.C. § 102(b)).

### Conclusions of Law

1. Claims 11 through 19 are unpatentable.

2. Plaintiff is not entitled to a patent containing any of claims 11 through 19 of Campbell application Serial No. 401,-061.

3. The Complaint should be dismissed.